Nappi v Community Access, Inc. (2019 NY Slip Op 01185)





Nappi v Community Access, Inc.


2019 NY Slip Op 01185


Decided on February 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2019

Richter, J.P., Manzanet-Daniels, Kapnick, Gesmer, Oing, JJ.


150610/18 8439A 8439

[*1] Michelle Nappi, Plaintiff-Appellant,
v
Community Access, Inc., et al., Defendants-Respondents.


Michelle Nappi, appellant pro se.
Charles McMellon, New York, for Community Access, Inc., respondent.
Sperber Denenberg & Kahan, P.C., New York (Eric H. Kahan of counsel), for Eight Cooper Equities, LLC, respondent.



Order and judgment (one paper), Supreme Court, New York County (Lynn R. Kotler, J.), entered July 25, 2018, which granted defendants' cross motions to dismiss the complaint, unanimously modified, on the law, to declare that plaintiff does not have individual rights to the subject apartment, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered July 3, 2018, which denied plaintiff's motion to stay a housing court proceeding and to enjoin her eviction, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Defendant Community Access, Inc. (Community Access) is a not-for-profit organization that enters into agreements with government agencies to lease apartments from private landlords using government funding, to provide stipends for housing for its clients. Defendant Eight Cooper Equities, LLC (Eight Cooper) entered into a rent stabilized lease with Community Access for an apartment in its building. Plaintiff was a client of Community Access at the time, and lived in the Eight Cooper apartment pursuant to a sublease. The relationship between plaintiff and Eight Cooper subsequently deteriorated, and the landlord decided not to extend a renewal lease to Community Access. Plaintiff was offered an opportunity to relocate, pursuant to the housing program, but she declined. She was subsequently discharged from the program, with a right to be reinstated upon compliance with the program's minimum requirements.
Defendants demonstrated, as a matter of law that plaintiff has no established rights to the subject apartment, because the lease between Community Access and Eight Cooper did not name her, or specify that she, or any particular individual or group of individuals was intended to live in the subject apartment (Manocherian v Lenox Hill Hosp. , 229 AD2d 197, 204-205 [1st Dept 1997], lv denied 90 NY2d 835 [1997]). Further, Community Access was justified in terminating plaintiff's sublease based upon her failure to comply with the program's requirements and her failure to allow basic access by the landlord to the apartment for necessary repairs and health-related inspections.
We modify that portion of the action seeking declaratory relief only to declare in defendants' favor (see Lanza v Wagner ,
11 NY2d 317, 334 [1962], cert denied 371 US 901 [1962]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 19, 2019
CLERK